# **EXHIBIT 2**



**HOWARD, ROY VS. HEMP XR**

**FAYETTE CIRCUIT COURT**

Filed on **08/29/2022** as **PRODUCT LIABILITY** with **HON. JULIE M. GOODMAN**

**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

**22-CI-02477**

| Case Memo | 22-CI-02477 |
|---|---|
| *PRODUCT LIABILITY;* | |

| Parties | 22-CI-02477 |
|---|---|

**F&W ENTERPRISES, LLC** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

3314 SEVEN SPRINGS RD
HILLSBOROUGH NC 27278

**Summons**

**CIVIL SUMMONS** issued on **12/02/2022** by way of **LONG ARM STATUTE - SOS**
*GREEN CARD REC'D FR. SOS 12.9.2022 STAMPED BY KIM MITCHELL,12.7.2022*

**HEMP XR** as **DEFENDANT / RESPONDENT**

**Address**

1060 CHINOE RD
SUITE 140
LEXINGTON KY 40502

**Summons**

**CIVIL SUMMONS** issued on **08/29/2022** served / recalled on **09/02/2022** by way of **CERTIFIED MAIL**
*9236090194038388308901;Successfu l*

**HOWARD, ROY** as **PLAINTIFF / PETITIONER**

**Address**

3869 BELLEAU WOODS DR
LEXINGTON KY 40517

**HAMILTON, JOHN T.** as **ATTORNEY FOR DEFENDANT**

**HAMILTON, JOHN THOMAS** as **ATTORNEY FOR DEFENDANT**

**Address**

HAMILTON LAW OFFICES, PLLC
P.O.BOX 240
LEXINGTON KY 40588

**YODER, JAMES M.** as **ATTORNEY FOR PLAINTIFF**

**Address**

TODD & TODD, PLLC
153 MARKET ST
LEXINGTON KY 40507

**WARD, WILL** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is F&W ENTERPRISES, LLC

**Address**

3314 SEVEN SPRINGS RD
HILLSBOROUGH NC 27278

**Summons**

**CIVIL SUMMONS** issued on **12/02/2022** by way of **LONG ARM STATUTE - SOS**

| Documents | 22-CI-02477 |
|---|---|
| **COMPLAINT / PETITION** filed on **08/29/2022** | |
| **TENDERED DOCUMENT** filed on **09/19/2022** <br> *AGREED ORDER* | |
| **ORDER - AGREED** entered on **09/26/2022** <br> *AGREED ORDER FOR EXTENSION OF TIME TO ANSWER-THE DEFENDANT GCHNC3, LLC D/B/A HEMP XR IS GRANTED AN EXTENSION OF TIME OFAPPROXIMATELY 20 DAYS THEOUGH AND INCLUDING OCTOBER 12, 2022 TO FILE AN ANSWER (...)* | |
| **ANSWER** filed on **09/30/2022** | |
| **NOTICE OF SERVICE** filed on **10/07/2022** | |
| **NOTICE OF SERVICE** filed on **10/12/2022** | |
| **NOTICE OF SERVICE** filed on **11/02/2022** <br> *OF DISCOVERY RESPONSE* | |
| **EXHIBIT** filed on **11/10/2022** <br> *AMENDED COMPLAINT* | |
| **TENDERED DOCUMENT** filed on **11/18/2022** | |
| **EXHIBIT** filed on **11/28/2022** | |
| **NOTICE OF FILING** filed on **11/29/2022** | |
| **ORDER TO FILE AMENDED COMPLAINT** entered on **12/01/2022** <br> *PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT IS GRANTED. FCM: JAMES YODER, JOHN HAMILTON* | |
| **AMENDED COMPLAINT** filed on **12/02/2022** | |
| **ORDER TO FILE AMENDED COMPLAINT** entered on **12/02/2022** | |
| **EXHIBIT** filed on **12/02/2022** | |
| **VIDEO LOG** filed on **12/02/2022** <br> *22-4-22-CD-146START 10:16:26PA USE 10:18:11RESUME 10:28:35END 10:38:53* | |
| **ANSWER** filed on **12/05/2022** | |
| **TENDERED DOCUMENT** filed on **12/06/2022** | |
| **ORDER - OTHER** entered on **12/12/2022** <br> *PLAINTIFF'S MOTION IS GRANTED IN PART AND DENIED IN PART AS TO REQUEST NO. 1 DEFEDNAT IS ORDERED TO PRODUCE ALL SERVEILLANCE VIDEO FROM 7/30/33. PLAINTIFF'S MOTION IS DENIED AS TO REQUEST 3. PLAINT (...)* | |

| Events | 22-CI-02477 |
|---|---|

**MOTION HOUR** scheduled for **12/16/2022 10:00 AM** in room **\*\*\*\*\*\*** with **HON. JULIE M. GOODMAN**

> **Motions**
> - **MOTION TO COMPEL** filed on **12/09/2022** by **AP**

**MOTION HOUR** scheduled for **12/02/2022 10:00 AM** in room **\*\*\*\*\*\*** with **HON. JULIE M. GOODMAN**

> **Motions**
> - **MOTION TO COMPEL** filed on **11/28/2022** by **AP**

**MOTION HOUR** scheduled for **11/18/2022 10:00 AM** in room **\*\*\*\*\*\*** with **HON. JULIE M. GOODMAN**

> **Motions**
> - **MOTION TO AMEND** filed on **11/10/2022** by **AP**
> *to file AMC*

| Images | 22-CI-02477 |
|---|---|
| **COMPLAINT / PETITION** filed on **08/29/2022**   *Page(s): 6* | |
| **SUMMONS** filed on **08/29/2022**   *Page(s): 1* | |
| **COURTESY FINANCIAL TRANSACTION REPORT** filed on **08/29/2022**   *Page(s): 1* | |
| **RECEIPT** filed on **09/01/2022**   *Page(s): 0* | |
| **SUMMONS - RETURN OF SERVICE** filed on **09/05/2022**   *Page(s): 1* | |
| **TENDERED DOCUMENT** filed on **09/19/2022**   *Page(s): 2* | |
| **ANSWER** filed on **09/30/2022**   *Page(s): 4* | |
| **NOTICE – OTHER** filed on **10/07/2022**   *Page(s): 2* | |
| **NOTICE OF SERVICE** filed on **10/12/2022**   *Page(s): 2* | |
| **NOTICE OF SERVICE** filed on **11/02/2022**   *Page(s): 2* | |
| **EXHIBIT** filed on **11/10/2022**   *Page(s): 7* | |
| **MOTION TO AMEND** filed on **11/10/2022**   *Page(s): 2* | |
| **TENDERED DOCUMENT** filed on **11/18/2022**   *Page(s): 2* | |
| **EXHIBIT** filed on **11/28/2022**   *Page(s): 2* | |
| **MOTION TO COMPEL** filed on **11/28/2022**   *Page(s): 2* | |
| **NOTICE OF FILING** filed on **11/29/2022**   *Page(s): 2* | |
| **EXHIBIT** filed on **12/02/2022**   *Page(s): 6* | |
| **SUMMONS** filed on **12/02/2022**   *Page(s): 1* | |
| **SUMMONS** filed on **12/02/2022**   *Page(s): 1* | |
| **AMENDED COMPLAINT** filed on **12/02/2022**   *Page(s): 7* | |
| **ORDER TO FILE AMENDED COMPLAINT** filed on **12/02/2022**   *Page(s): 3* | |
| **COURTESY FINANCIAL TRANSACTION REPORT** filed on **12/02/2022**   *Page(s): 1* | |
| **ANSWER** filed on **12/05/2022**   *Page(s): 4* | |
| **TENDERED DOCUMENT** filed on **12/06/2022**   *Page(s): 2* | |
| **RECEIPT** filed on **12/07/2022**   *Page(s): 0* | |
| **MOTION TO COMPEL** filed on **12/09/2022**   *Page(s): 4* | |

**\*\*\*\* End of Case Number : 22-CI-02477 \*\*\*\***

AOC-E-105          Sum Code: CI
Rev. 9-14



**NOT ORIGINAL DOCUMENT**
12/14/2022
844?2

Case #: **22-CI-02477**

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

Court:    **CIRCUIT**

County:    **FAYETTE**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plantiff,* **SHANE, HOWARD VS. HEMP XR**, *Defendant*

TO:    **HEMP XR**
      **1060 CHINOE RD**
      **SUITE 140**
      **LEXINGTON, KY 40502**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                                   *Vincent Riggs*
                                          Fayette Circuit Clerk
                                          Date: **8/29/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20_____

                                        _____

                                                Served By

                                        _____

                                                Title

Summons ID: @00001117316
CIRCUIT: 22-CI-02477 Certified Mail
SHANE, HOWARD VS. HEMP XR



*eFiled*

Presiding Judge: HON. JULIE M. GOODMAN (622397)

CI : 000001 of 000001

Filed            22-CI-02477    08/29/2022       Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
12/14/2022 12:13:20 PM
84473

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION ____
CIVIL ACTION NO.: _____

ROY HOWARD                                                        PLAINTIFF

v.                                    **COMPLAINT**

GCHNC3, LLC d/b/a
HEMP XR                                                          DEFENDANT
        SERVE:      CERTIFIED MAIL
                    RETURN RECEIPT REQUESTED
                    Carissa Britt
                    1060 Chinoe Road, Suite 140
                    Lexington, KY 40502

**** **** **** ****

Comes the Plaintiff, Roy Howard, by counsel, and for his claims and causes of action against the Defendant, Hemp XR, hereby states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Roy Howard is and was at all times a citizen of Lexington, Kentucky.

2.      Upon information and belief Defendant, GCHNC3, LLC d/b/a Hemp XR is a North Carolina company with its principal place of business located at 2138-B Lawndale Drive, Greensboro, North Carolina 27408. Hemp XR does business in the Commonwealth of Kentucky and, at all times relevant hereto, promoted, marketed, distributed, and sold in this Commonwealth defective devices, with a registered agent who can be served at Carissa Britt, 1060 Chinoe Road, Suite 140, Lexington, Kentucky 40502. Hemp XR operates a store located at 1060 Chinoe Road, Lexington, Kentucky 40502.

3.      Jurisdiction is proper over Hemp XR pursuant to KRS 454.210, and the

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000001 of 000006

NOT ORIGINAL DOCUMENT
12/14/2022 12:13:20 PM
84473

contacts of Hemp XR are sufficient to satisfy the requirements of the Kentucky Constitution.

4.    Venue is proper in the Fayette County, Kentucky, Circuit Court as the acts and omissions giving rise to this cause of action occurred in Fayette County.

## FACTS

5.    Hemp XR operates a store located at 1060 Chinoe Road, Suite 140, Lexington, Kentucky 40502

6.    Plaintiff went to Hemp XR in order to obtain a CBD product that would naturally calm his day-to-day anxiety.

7.    On or about July 30, 2022, Plaintiff went to Hemp XR to look for said product, and was given an electronic vaporizer ("vape") that uses an intoxicating substance believed to be Delta 8 THC ("Delta 8").

8.    Plaintiff was told this product would cure his anxiety

9.    Plaintiff repeatedly told the employees of Hemp XR he did not want a product that would cause him to get high.

10.    A Hemp XR employee ensured him he would not get high, and threw away all packaging this electronic device came in, thus throwing away any and all warnings this product contains.

11.    Plaintiff was not told the product contained THC. Plaintiff was told the product was all natural.

12.    Plaintiff informed employees of Hemp XR that he intended to use the vape on his drive home.

13.    Plaintiff tried the product on his way home, became intoxicated, and hit a Lextran Bus.

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000002 of 000006

Filed            22-CI-02477        08/29/2022        Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
12/14/2022 12:13:20 PM
84473

14.     Plaintiff sustained severe and permanent injuries as a result of the collision.

## COUNT I
## NEGLIGENCE

15.     Plaintiff incorporates all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

16.     The Defendant negligently designed, tested, manufactured, and sold electronic devices containing Delta 8. Defendants owed a duty to Plaintiff to exercise ordinary care in the designing, testing, manufacturing, and selling of the electronic THC devices at issue. However, Defendants breached their duty of care owed to Plaintiff; thereby causing Plaintiff's damages.

## COUNT II
## FAILURE TO WARN

17.     Plaintiff incorporates all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

18.     The Defendant supplied the electronic THC device to Plaintiff for his use. Plaintiff used the electronic device in the manner for which they were supplied.

19.     The Defendant knew, or had reason to know, that the drug known as Delta 8 was dangerous or likely to be dangerous for the use for which it was supplied and the Defendant has no reason to believe that Plaintiff would realize Delta 8 can be dangerous.

20.     The Defendant failed to exercise reasonable care to inform Plaintiff of the dangerous condition, or of the facts which made it likely that Delta 8 can be dangerous.

21.     As a direct and proximate result of the Defendants failure to warn, the Plaintiff has suffered injuries and damages.

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000003 of 000006

3

NOT ORIGINAL DOCUMENT
12/14/2022 12:13:20 PM
84473

## COUNT III
## VIOLATION OF KENTUCKY'S CONSUMER PROTECTION ACT

22.     Plaintiff incorporates all preceding paragraphs and allegations of this Complaint and if fully set forth herein.

23.     The Defendant violated KRS 367.170 by acting in an unfair, false, misleading or deceptive manner in the conduct of Defendant's trade or commerce. The Defendant's failure to properly design, test, manufacture, market, and failure to warn about the potential dangers of Delta 8 constitutes a violation of Kentucky's Consumer Protection Act.

24.     Pursuant to KRS 367.220, Plaintiff is entitled to an award of actual damages, equitable relief, punitive damages, attorney's fees, and costs.

## COUNT IV
## VIOLATION OF KRS § 311.590

25.     Plaintiff incorporates all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

26.     KRS § 311.550 (10) states, in relevant part, "practice of medicine or osteopathy" means the diagnosis, treatment, or correction of any and all human conditions, ailments, diseases, injuries, or infirmities by any and all means, methods, devices, or instrumentalities.

27.     KRS § 311.560 prohibits the practice of medicine or osteopathy without a valid license issued by the Kentucky Board of Medical Licensure.

28.     Hemp XR's diagnosis and treatment of Plaintiff's medical condition based upon Plaintiff's statements that he suffers from anxiety, is the practice of medicine as defined by KRS § 311.550 (10).

29.     Upon information and belief, the employees that diagnosed and treated

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000004 of 000006

NOT ORIGINAL DOCUMENT
12/14/2022 12:13:20 PM
84473

Plaintiff's medical condition are not licensed to practice medicine in the Commonwealth of Kentucky.

30.    Upon information and belief, Defendant knowingly and intentionally engaged in the Practice of Medicine, specifically estimating the proper diagnosis and treatment based solely upon a statement from Plaintiff.

31.     Defendant is fully aware, and endorses, its employees to engage in the practice of medicine, solely to manufacture their products in whole or in part specifically to increase profits.

32.    Hemp XR violated KRS § 311.560 by engaging in the practice of medicine in the Commonwealth of Kentucky without a license.

33.    Plaintiff sustained physical damages by Defendant's violation of KRS § 311.560.

<u>**COUNT V**</u>
**DAMAGES**

34. Plaintiff incorporates all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

35. As a direct and proximate result of the Defendant's wrongful conduct, as set forth in Counts I-III above, Plaintiff has been caused to suffer the following damages:

a.  Past, present, and future physical and mental anguish;

b.  Actual, compensatory, incidental, and foreseeable damages;

c.  Attorneys' fees, costs, and equitable relief;

d.  All damages recoverable for breach of implied warranty of merchantability, breach of express warranty, and breach of implied warranty for fitness for a particular purpose;

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000005 of 000006

Filed        22-CI-02477        08/29/2022        Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
12/14/2022 12:13:20 PM
84473

e. All damages allowable under KRS Chapter 367 for violation of Kentucky's Consumer Protection Act.

<u>**COUNT VI**</u>
**PUNITIVE DAMAGES**

36. Plaintiff incorporates all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

37. The conduct of the Defendant was so malicious, willful, wanton, reckless and grossly negligent that the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Shane Howard, prays the Court as follows:

1. For a judgment against the Defendant, with the Plaintiff reserving the right to advise the trier of fact as to what amounts are fair and reasonable as shown by the evidence;

2. For a trial of this cause by a jury;

3. That Plaintiff be awarded all of the damages enumerated above, including attorneys' fees, costs herein expended, actual, incidental, consequential, compensatory, foreseeable, and any and all other damages and equitable relief that may be appropriate; and

4. Any and all other relief to which this Court may deem Plaintiff to be entitled.

Respectfully submitted,

*/s/ James M. Yoder*
James M. Yoder
TODD & TODD, PLLC
153 Market Street
Lexington, Kentucky 40507
(859) 253-9999 (phone)
(859) 231-7588 (fax)
james@toddfirm.com
*Counsel for Plaintiff*

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000006 of 000006

Filed          22-CI-02477      09/30/2022          Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
11/23/2022 10:39:30 AM
84473

FAYETTE CIRCUIT  COURT
CIVIL BRANCH
FOURTH DIVISION

ROY HOWARD                                          PLAINTIFF

v.                                                  Case # 22-CI-02477

GCHNC3, LLC d/b/a HEMP XR                           DEFENDANT

---

### ANSWER OF DEFENDANT

COMES the Defendant, GCHNC3, LLC d/b/a Hemp RX, by and through Counsel, and for its Answer to the Plaintiff's Complaint states as follows:

1.  The Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief may be granted, and therefore should be dismissed.

2.  The Defendant admits those allegations set forth in Paragraph (5) of the Plaintiff's Complaint.

3.  The Defendant admits those allegations relating to the principal place of business of GCHNC3, LLC d/b/a Hemp XR being in Greensboro, North Carolina, as set forth in Paragraph (2) of the Plaintiff's Complaint.  The Defendant denies the remaining allegations set forth in Paragraph (2) of the Plaintiff's Complaint.

4.  The Defendant lacks sufficient knowledge or information to form an opinion as to the truth of those allegations set forth in Paragraphs (1), (3), (4), (6), (13), (14) and (18) of the Plaintiff's Complaint, and therefore denies the same.

5.  The Defendant denies those allegations set forth in Paragraph (7) of the Plaintiff's Complaint.  By way of affirmative defense, the Defendant states that the product

ANS : 000001 of 000004

NOT ORIGINAL DOCUMENT
11/23/2022 10:39:30 AM
84473

purchased by the Plaintiff was selected by the Plaintiff off the shelf and is labeled "Delta 8 THC" and "contains less that 0.3% Delta 9 THC."  The Kentucky General Assembly has enacted statutes exempting hemp from being considered a controlled substance.  KRS 260.850 provides, in relevant part:

> (5)  "Hemp" or "industrial hemp" means the plant Cannabis sativa L, and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acid, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than three-tenths of one percent (0.3%) on a dry weight basis;
>
> (6)  "Hemp products" or "industrial hemp products" means products derived from, or made by, processing hemp plants or plant parts; . . . .

Based upon this exemption language in the Kentucky Statute which matches the Hemp Farming Act enacted by the U.S. Congress in 2018, the product purchased by the Plaintiff is a legal product for retail sale in Kentucky.

6.  The Defendant denies those allegations contained in Paragraph (19) of the Plaintiff's Complaint, and by way of affirmative defense restates the affirmative defense set forth in Paragraph 5 above.

7.  The Defendant denies those allegations set forth in Paragraph (10) of the Plaintiff's Complaint, and by way of affirmative defense states that the package containing the product purchased by the Plaintiff contains a specific warning on the back of the box stating: "Do not operate a vehicle or machinery under the influence of this product."  This packaging was retained by the Plaintiff when he left the Defendant's premises with the box in hand.  Video evidence of the Plaintiff placing the product back in the original box container, and leaving the store, is in the possession of the Defendant.

8.  The Defendant denies those allegations contained in Paragraph (11) of the Plaintiff's Complaint, and by way of affirmative defense states that the product purchased

ANS : 000002 of 000004

Filed                    22-CI-02477    09/30/2022          Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
11/23/2022 10:39:30 AM
84473

by the Plaintiff is a natural derivative of a hemp product and as such is exempt as a controlled substance under the Kentucky Statute, KRS 260.850.  The Plaintiff was well aware that the product contained some small element of THC as the very name of the product is "Delta-8 THC," and the label indicates that it contains less than 0.3% Delta-9 THC, both of which are exempt under the Kentucky Statute, KRS 260.850.

9.   The Defendant denies those allegations set forth in Paragraph (12) of the Plaintiff's Complaint, and by way of affirmative defense states that the Plaintiff was instructed by the employees of the Defendant to not use the product and drive a motor vehicle, as stated on the packaging, and further, was told to inhale only one time and to wait approximately 10 to 15 minutes before inhaling another portion of the product to determine its effect.

10.   The Defendant denies those allegations set forth in Paragraph (20) of the Plaintiff's Complaint, and by way of affirmative defense states that the employees of the Defendant informed the Plaintiff not to use the product and operate a motor vehicle.

11.   The Defendant denies those allegations contained in Paragraph (28) of the Plaintiff's Complaint as based on the false premise that the Defendant's employees engaged in any diagnosis or treatment of the Plaintiff for any claimed medical condition the Plaintiff may say that he suffers from.

12.   The Defendant states that the statutes referred to by the Plaintiff in Paragraphs (26) and (27) of the Plaintiff's Complaint speak for themselves and those allegations require no further response.  By way of affirmative defense the Defendant states that the statutes referred to in KRS 311.550, .560, and .590 do not relate to the sale of a legal

ANS : 000003 of 000004

3

NOT ORIGINAL DOCUMENT
11/23/2022 10:39:30 AM
84473

product in a retail store in the state of Kentucky for which no doctor's prescription is required.

13.  The Defendant denies those allegations contained in Paragraphs (8), (9), (16), (21), (23), (24), (29), (30), (31), (32), (33), (35) and (37) of the Plaintiff's Complaint.

14.  The Defendant denies each and every allegation set forth in the Plaintiff's Complaint, not heretofore specifically admitted.

HAMILTON LAW OFFICES, PLC

By: _____
John T. Hamilton, KBA # 28127
P. O. Box 240
Lexington, KY  40588
Phone:  (859) 523-7010
Cell:     (859) 948-0078
Email:  jhamilton@hamiltonlawky.com
*Counsel for Defendant*

## Certificate of Service

I hereby certify that a true copy of the foregoing Answer was this day, by postage prepaid, mailed to:

James M. Yoder, Esq.
Todd & Todd PLLC
153 Market Street
Lexington, KY  40507
*Counsel for Plaintiff*

on this the 30th day of September, 2022.

_____
John T. Hamilton

ANS : 000004 of 000004

NOT ORIGINAL DOCUMENT
12/02/2022 09:35:43 AM
8JAMES@TODDFIRM.COM

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION IV
CIVIL ACTION NO.: 22-CI-02477

ROY HOWARD                                                                          PLAINTIFF

v.                                              **ORDER**

GCHNC3, LLC d/b/a
HEMP XR                                                                             DEFENDANT

**** **** **** ****

This matter having come before the Court on Plaintiff's Motion for Leave to Amend

Complaint, and the Court having reviewed the record, and being otherwise sufficiently

advised, it is hereby ORDERED:

1. Plaintiff's Motion for Leave to File Amended Complaint is Granted.

Ordered this the 2nd day of December , 2022.

JUDGE, FAYETTE CIRCUIT COURT

Tendered by:

/s/ James M. Yoder
James M. Yoder
Attorney for Plaintiff

NOT ORIGINAL DOCUMENT
12/13/2022 05:25:15 PM
84473

NOT ORIGINAL DOCUMENT
12/02/2022 09:45:43 AM
8JAMES@TODDFIRM.COM

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that on ___**DEC 0 2 2022**___ a true and accurate copy of the foregoing was served on the following:

James M. Yoder
Todd & Todd, PLLC
153 Market Street
Lexington, KY 40507
james@toddfirm.com
*Counsel for Plaintiff*

John T. Hamilton
Hamilton Law Offices, PLLC
P.O. Box 240
Lexington, KY 40588
jhamilton@hamiltonlawky.com
*Counsel for Defendant*

FAYETTE CIRCUIT CLERK

AOC-E-105          Sum Code: CI
Rev. 9-14



NOT ORIGINAL DOCUMENT
12/14/2022

Case #: **22-CI-02477**

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

Court:   **CIRCUIT**

County:  **FAYETTE**

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

---

*Plantiff,* **HOWARD, ROY VS. HEMP XR**, *Defendant*

TO:  **F&W ENTERPRISES, LLC**

    **3314 SEVEN SPRINGS RD**

    **HILLSBOROUGH, NC 27278**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **12/2/2022**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____

                                _____
                                          Served By

                                _____
                                          Title

CI : 000001 of 000001

---

Summons ID: @00001154654
CIRCUIT: 22-CI-02477 Long Arm Statute – Secretary of State
HOWARD, ROY VS. HEMP XR





NOT ORIGINAL DOCUMENT
11/23/2022 10:34:11 AM
84473

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION IV
CIVIL ACTION NO.: 22-CI-02477

ROY HOWARD                                                        PLAINTIFF

v.                         **AMENDED COMPLAINT**

GCHNC3, LLC d/b/a
HEMP XR and                                                       DEFENDANTS
F&W ENTERPRISES, LLC
         SERVE: Will Ward
                3314 Seven Springs Road
                Hillsborough, NC 27278
                *VIA SECRETARY OF STATE*

**** **** **** ****

Comes the Plaintiff, Roy Howard, by counsel, and for his claims and causes of action against the Defendants, GCHNC3, LLC d/b/a Hemp XR (hereinafter "Hemp XR") and F&W Enterprises, LLC, hereby states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Roy Howard is and was at all times a citizen of Lexington, Kentucky.

2.     Upon information and belief Defendant, GCHNC3, LLC d/b/a Hemp XR, is a North Carolina company with its principal place of business located at 2138-B Lawndale Drive, Greensboro, North Carolina 27408. Hemp XR does business in the Commonwealth of Kentucky and, at all times relevant hereto, promoted, marketed, distributed, and sold in this Commonwealth defective devices. Hemp XR operates a store located at 1060 Chinoe Road, Lexington, Kentucky 40502.

3.     Upon information and belief, Defendant, F&W Enterprises, is a North Carolina based company with its principal place of business located at 4504 North Roxboro Street, Durham, North Carolina 27704. At all times relevant hereto, Defendant is responsible for

NOT ORIGINAL DOCUMENT
11/23/2022 10:34:11 AM
84473

the design, manufacture, inspection, handling and distribution of the defective devices, and may be served through its registered agent located at 3314 Seven Springs Road, Hillsborough, North Carolina 27278.

4.     Jurisdiction is proper over Defendants pursuant to KRS 454.210, and the contacts of Defendants are sufficient to satisfy the requirements of the Kentucky Constitution.

5.     Venue is proper in the Fayette County, Kentucky, Circuit Court as the acts and omissions giving rise to this cause of action occurred in Fayette County.

### FACTS

6.     Hemp XR operates a store located at 1060 Chinoe Road, Suite 140, Lexington, Kentucky 40502.

7.      F&W Enterprises designs, manufactures, and distributes a variety of THC and CBD products.

8.     Plaintiff went to Hemp XR in order to obtain a CBD product that would naturally calm his day-to-day anxiety.

9.     On or about July 30, 2022, Plaintiff went to Hemp XR to look for said product, and was given an electronic vaporizer ("vape") that uses an intoxicating substance believed to be Delta 8 THC ("Delta 8").

10.    Plaintiff was told this product would cure his anxiety

11.    Plaintiff repeatedly told the employees of Hemp XR he did not want a product that would cause him to get high.

12.    Plaintiff was not told the product contained THC. Plaintiff was told the product was all natural.

13.    Plaintiff informed employees of Hemp XR that he intended to use the vape on his drive home.

NOT ORIGINAL DOCUMENT
11/23/2022 10:34:11 AM
84473

14.     Plaintiff tried the product on his way home, became intoxicated, and hit a Lextran Bus.

15.     Plaintiff sustained severe and permanent injuries as a result of the collision.

## COUNT I
## NEGLIGENCE

16.     Plaintiff incorporates all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

17.     Defendants negligently designed, tested, manufactured, and sold electronic devices containing Delta 8. Defendants owed a duty to Plaintiff to exercise ordinary care in the designing, testing, manufacturing, and selling of the electronic THC devices at issue. However, Defendants breached their duty of care owed to Plaintiff; thereby causing Plaintiff's damages.

## COUNT II
## FAILURE TO WARN

18.     Plaintiff incorporates all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

19.     Defendants supplied the electronic THC device to Plaintiff for his use. Plaintiff used the electronic device in the manner for which they were supplied.

20.     Defendants knew, or had reason to know, that the drug known as Delta 8 was dangerous or likely to be dangerous for the use for which it was supplied, and the Defendants had no reason to believe that Plaintiff would realize Delta 8 can be dangerous.

21.     Defendants failed to exercise reasonable care to inform Plaintiff of the dangerous condition, or of the facts which made it likely that Delta 8 can be dangerous.

22.     As a direct and proximate result of the Defendants' failure to warn, the Plaintiff has suffered injuries and damages.

EXH - 000003 of 000007

NOT ORIGINAL DOCUMENT
11/23/2022 10:34:11 AM
84473

## COUNT III
## VIOLATION OF KENTUCKY'S CONSUMER PROTECTION ACT

23.     Plaintiff incorporates all preceding paragraphs and allegations of this Complaint and if fully set forth herein.

24.     Defendants violated KRS 367.170 by acting in an unfair, false, misleading, or deceptive manner in the conduct of Defendants' trade or commerce. The Defendants' failure to properly design, test, manufacture, market, and failure to warn about the potential dangers of Delta 8 constitutes a violation of Kentucky's Consumer Protection Act.

25.     Pursuant to KRS 367.220, Plaintiff is entitled to an award of actual damages, equitable relief, punitive damages, attorney's fees, and costs.

## COUNT IV
## VIOLATION OF KRS § 311.590

26.      Plaintiff incorporates all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

27.     KRS § 311.550 (10) states, in relevant part, "practice of medicine or osteopathy" means the diagnosis, treatment, or correction of any and all human conditions, ailments, diseases, injuries, or infirmities by any and all means, methods, devices, or instrumentalities.

28.     KRS § 311.560 prohibits the practice of medicine or osteopathy without a valid license issued by the Kentucky Board of Medical Licensure.

29.     Defendant Hemp XR's diagnosis and treatment of Plaintiff's medical condition based upon Plaintiff's statements that he suffers from anxiety, is the practice of medicine as defined by KRS § 311.550 (10).

30.     Upon information and belief, the employees that diagnosed and treated Plaintiff's

EXH - 000004 of 000007

NOT ORIGINAL DOCUMENT
11/23/2022 10:34:11 AM
84473

medical condition are not licensed to practice medicine in the Commonwealth of Kentucky.

31.     Upon information and belief, Defendant knowingly and intentionally engaged in the Practice of Medicine, specifically estimating the proper diagnosis and treatment based solely upon a statement from Plaintiff.

32.      Defendant is fully aware, and endorses, its employees to engage in the practice of medicine, solely to manufacture their products in whole or in part specifically to increase profits.

33.     Hemp XR violated KRS § 311.560 by engaging in the practice of medicine in the Commonwealth of Kentucky without a license.

34.     Plaintiff sustained physical damages by Defendant's violation of KRS § 311.560.

## COUNT V
## DAMAGES

35.     Plaintiff incorporates all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

36.     As a direct and proximate result of the Defendants' wrongful conduct, as set forth in Counts I-III above, Plaintiff has been caused to suffer the following damages:

    a.  Past, present, and future physical and mental anguish;

    b.  Actual, compensatory, incidental, and foreseeable damages;

    c.  Attorneys' fees, costs, and equitable relief;

    d.  All damages recoverable for breach of implied warranty of merchantability, breach of express warranty, and breach of implied warranty for fitness for a particular purpose;

    e.  All damages allowable under KRS Chapter 367 for violation of Kentucky's

EXH - 000005 of 000007

NOT ORIGINAL DOCUMENT
11/23/2022 10:34:11 AM
84473

Consumer Protection Act.

## COUNT VI
## PUNITIVE DAMAGES

37.    Plaintiff incorporates all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

38.     The conduct of the Defendants was so malicious, willful, wanton, reckless and grossly negligent that the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Roy Howard, prays the Court as follows:

1.    For a judgment against the Defendants, with the Plaintiff reserving the right to advise the trier of fact as to what amounts are fair and reasonable as shown by the evidence;

2.    For a trial of this cause by a jury;

3.    That Plaintiff be awarded all of the damages enumerated above, including attorneys' fees, costs herein expended, actual, incidental, consequential, compensatory, foreseeable, and any and all other damages and equitable relief that may be appropriate; and

4.    Any and all other relief to which this Court may deem Plaintiff to be entitled.

Respectfully submitted,

/s/ James M. Yoder
James M. Yoder
TODD & TODD, PLLC
153 Market Street
Lexington, Kentucky 40507
(859) 253-9999 (phone)
(859) 231-7588 (fax)
james@toddfirm.com
*Counsel for Plaintiff*

EXH·000006 of 000007

NOT ORIGINAL DOCUMENT
11/23/2022 10:34:11 AM
84473

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via email

on November 10, 2022 on the following:

John T. Hamilton
P.O. Box 240
Lexington, KY 40588
Jhamilton@hamiltonlawky.com

/s/ James M. Yoder

_____
COUNSEL FOR PLAINTIFF

EXH - 000007 of 000007

Filed       22-CI-02477   12/05/2022       Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
12/14/2022 12:16:35 PM
84473

FAYETTE CIRCUIT  COURT
CIVIL BRANCH
FOURTH DIVISION

ROY HOWARD                                                          PLAINTIFF

v.                                                                  Case # 22-CI-02477

GCHNC3, LLC d/b/a HEMP XR and
F&W ENTERPRISES, LLC                                                DEFENDANTS

---

### ANSWER OF DEFENDANT TO PLAINTIFF'S AMENDED COMPLAINT

COMES the Defendant, GCHNC3, LLC d/b/a Hemp XR, by and through Counsel, and for its Answer to the Plaintiff's  Amended Complaint states as follows:

1.  The Plaintiff's Amended Complaint fails to state a cause of action against this Defendant upon which relief may be granted, and therefore should be dismissed.

2.  The Defendant admits those allegations set forth in Paragraph (5) and (6) of the Plaintiff's Amended Complaint.

3.   The Defendant admits those allegations relating to the principal place of business of GCHNC3, LLC d/b/a Hemp XR being in Greensboro, North Carolina, as set forth in Paragraph (2) of the Plaintiff's Amended Complaint.  The Defendant denies the remaining allegations set forth in Paragraph (2) of the Plaintiff's Amended Complaint.

4.  The Defendant lacks sufficient knowledge or information to form an opinion as to the truth of those allegations set forth in Paragraphs (1), (3), (4), (7), (8), (15) and (19) of the Plaintiff's Amended Complaint, and therefore denies the same.

5.   The Defendant denies those allegations set forth in Paragraph (9) of the Plaintiff's Amended Complaint.  By way of affirmative defense, the Defendant states that

ANS : 000001 of 000004

NOT ORIGINAL DOCUMENT
12/14/2022 12:16:35 PM
84473

the product purchased by the Plaintiff was selected by the Plaintiff off the shelf and is labeled "Delta 8 THC" and "contains less than 0.3% Delta 9 THC." The Kentucky General Assembly has enacted statutes exempting hemp from being considered a controlled substance. KRS 260.850 provides, in relevant part:

> (5) "Hemp" or "industrial hemp" means the plant Cannabis sativa L, and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acid, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than three-tenths of one percent (0.3%) on a dry weight basis;
>
> (6) "Hemp products" or "industrial hemp products" means products derived from, or made by, processing hemp plants or plant parts; . . . .

Based upon this exemption language in the Kentucky Statute which matches the Hemp Farming Act enacted by the U.S. Congress in 2018, the product purchased by the Plaintiff is a legal product for retail sale in Kentucky.

6. The Defendant denies those allegations contained in Paragraph (20) of the Plaintiff's Amended Complaint, and by way of affirmative defense restates the affirmative defense set forth in Paragraph 5 above.

7. The Defendant denies those allegations set forth in Paragraph (10) of the Plaintiff's Original Complaint, and by way of affirmative defense states that the package containing the product purchased by the Plaintiff contains a specific warning on the back of the box stating: "Do not operate a vehicle or machinery under the influence of this product." This packaging was retained by the Plaintiff when he left the Defendant's premises with the box in hand. Video evidence of the Plaintiff placing the product back in the original box container, and leaving the store, is in the possession of the Defendant.

8. The Defendant denies those allegations contained in Paragraph (12) of the Plaintiff's Amended Complaint, and by way of affirmative defense states that the product

ANS : 000002 of 000004

Filed                22-CI-02477        12/05/2022        Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT
12/14/2022 12:16:35 PM
84473

purchased by the Plaintiff is a natural derivative of a hemp product and as such is exempt as a controlled substance under the Kentucky Statute, KRS 260.850.  The Plaintiff was well aware that the product contained some small element of THC as the very name of the product is "Delta-8 THC," and the label indicates that it contains less than 0.3% Delta-9 THC, both of which are exempt under the Kentucky Statute, KRS 260.850.

9.   The Defendant denies those allegations set forth in Paragraph (14) of the Plaintiff's Amended Complaint, and by way of affirmative defense states that the Plaintiff was instructed by the employees of the Defendant to not use the product and drive a motor vehicle, as stated on the packaging, and further, was told to inhale only one time and to wait approximately 10 to 15 minutes before inhaling another portion of the product to determine its effect.

10.   The Defendant denies those allegations set forth in Paragraph (22) of the Plaintiff's Amended Complaint, and by way of affirmative defense states that the employees of the Defendant informed the Plaintiff not to use the product and operate a motor vehicle.

11.   The Defendant denies those allegations contained in Paragraph (29) of the Plaintiff's Amended Complaint as based on the false premise that the Defendant's employees engaged in any diagnosis or treatment of the Plaintiff for any claimed medical condition the Plaintiff may say that he suffers from.

12.   The Defendant states that the statutes referred to by the Plaintiff in Paragraphs (27) and (28) of the Plaintiff's Amended Complaint speak for themselves and those allegations require no further response.  By way of affirmative defense the Defendant states that the statutes referred to in KRS 311.550, .560, and .590 do not relate to the

Filed                22-CI-02477        12/05/2022        Vincent Riggs, Fayette Circuit Clerk

ANS : 000003 of 000004

NOT ORIGINAL DOCUMENT
12/14/2022 12:16:35 PM
84473

sale of a legal product in a retail store in the state of Kentucky for which no doctor's prescription is required.

13.   The Defendant denies those allegations contained in Paragraphs (10), (11), (13), (17), (22), (24), (25), (30), (31), (32), (33), (34), (36) and (38) of the Plaintiff's Amended Complaint.

14.   The Defendant denies each and every allegation set forth in the Plaintiff's Amended Complaint, not heretofore specifically admitted.

HAMILTON LAW OFFICES, PLLC

By:   _____
John T. Hamilton, KBA # 28127
P. O. Box 240
Lexington, KY  40588
Phone:  (859) 523-7010
Cell:     (859) 948-0078
Email:  jhamilton@hamiltonlawky.com
*Counsel for Defendant*

**Certificate of Service**

I hereby certify that a true copy of the foregoing Answer was this day, by postage prepaid, mailed to:

James M. Yoder, Esq.
Todd & Todd PLLC
153 Market Street
Lexington, KY  40507
*Counsel for Plaintiff*

on this the 5th day of December , 2022.

_____
John T. Hamilton

ANS : 000004 of 000004

**COMMONWEALTH OF KENTUCKY**
**FAYETTE CIRCUIT COURT**
**CASE NO. 22-CI-02477**

ROY HOWARD                                                    PLAINTIFF

vs.                          **ACCEPTANCE OF SERVICE**
                               *(Electronically Filed)*

GCHNC3, LLC. d/b/a HEMP XR
-and-
F&W ENTERPRISES, LLC                                          DEFENDANTS

                          * * * * * * * * * *

Comes the Defendant, F&W Enterprises, LLC, by and through its undersigned counsel, and acknowledges that said counsel has accepted service of the Plaintiff's Amended Complaint on its behalf this 14th day of December 2022.

                                        Respectfully submitted,

                                         /s/  J. Gregory Troutman
                                        J. GREGORY TROUTMAN (84473)
                                        TROUTMAN LAW OFFICE, PLLC
                                        4205 Springhurst Boulevard, Suite 201
                                        Louisville, KY 40241
                                        (502) 412-9179
                                        Counsel for Defendant,
                                        F&W Enterprises, LLC.

                       **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2022, a copy of the foregoing was filed electronically. Service of this filing will be made on all registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that copies of the foregoing were e-mailed on said date to:

James M. Yoder                         John T. Hamilton
Todd & Todd, PLLC                      P.O. Box 240
153 Market Street                      Lexington, KY 40588
Lexington, KY 40507

                                         /s/  J. Gregory Troutman
                                        J. GREGORY TROUTMAN