UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ROY HOWARD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil Action No. 5: 22-326-DCR |
| ) | |
| STATE AUTO PROPERTY & ) | |
| CASUALTY COPANY, ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| GCHNC3, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Roy Howard has filed a motion to remand this matter to state court. The motion will be granted because the removing defendant has not met its burden of demonstrating that the amount-in-controversy requirement is satisfied.

**I.**

Plaintiff Roy Howard visited the Hemp XR store in Lexington, Kentucky on or about July 30, 2022, to obtain a CBD product to help "calm his day-to-day anxiety." He purchased an electronic vaporizer ("vape") alleged to have contained Delta 8 THC. According to Howard, the Hemp XR employee told him the product would "cure his anxiety" and would not cause him to "get high." Howard contends that he used the product on his way home, became intoxicated, and hit a Lextran bus.

Howard filed suit in the Fayette Circuit Court on August 29, 2022, against Hemp XR's owner, GCHNC3, LLC ("GCHNC3"). He asserted claims of negligence, failure to warn, unauthorized practice of medicine, and violations of the Kentucky Consumer Protection Act. Howard was permitted to file an Amended Complaint on November 23, 2022. Therein, he added similar claims against the vape's manufacturer, F&W Enterprises, LLC ("F&W"). Howard alleges that, as a result of the defendants' actions, he sustained "severe and permanent injuries," and seeks compensatory damages for past, present, and future physical and mental anguish, as well as attorneys' fees and punitive damages.

F&W removed the matter to this Court on December 14, 2022, alleging that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Howard has now filed a motion to remand or, alternatively, to dismiss without prejudice for failure to join indispensable parties.

## II.

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). The amount in controversy must exceed the jurisdictional minimum at the time of removal. The removing party has the burden of demonstrating the amount in controversy requirement by a preponderance of the evidence. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The federal court is without jurisdiction to hear the case if the defendant fails to make this showing.

In matters removed from state courts in the Commonwealth, the amount in controversy is often unclear from the face of a complaint because Kentucky law prevents plaintiffs from reciting a specific sum of alleged damages. *See* Ky. R. Civ. P. 8.01(2). As a result, parties

often must engage in pre-removal discovery before a defendant learns that a case is removable. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). The removing party can satisfy its burden with competent proof of the amount in controversy, which may include affidavits, documents, or interrogatories, but generally, "mere averments are not enough." *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959-60 (E.D. Ky. 2009).

F&W has not identified any affidavits, documents, interrogatories, or other "competent proof" indicating that the amount in controversy exceeds $75,000, exclusive of interest and costs. Instead, it reports that an unidentified number of bus passengers have made claims against Howard. Accordingly, F&W contends, Howard ostensibly "will seek recovery of such third-party damage claims [] against F&W and GCHNC3 as part of the relief sought in his Amended Complaint." It argues that these claims, combined with Howard's claims for "severe and permanent injuries," attorneys' fees, and punitive damages, exceed the statutory threshold.

Howard's Amended Complaint makes no mention of any related claims brought against him by Lextran passengers. Therefore, it would be improper to consider such claims when determining the amount in controversy in this action. *See Ratliff v. Merck & Co., Inc.*, 359 F. Supp. 2d 571, 576-77 (E.D. Ky. 2005) (noting that the court may not consider theoretical amendments that would carry the amount in controversy over the jurisdictional threshold). And Howard's Amended Complaint does not include any information about the type of injuries he sustained or how they limit his ability to function. *See Hale v. O'Charley's Rest. Props.*,

*LLC*, 2016 WL 1118433, at *3 (E.D. Ky. Mar. 22, 2016) (explaining that the value of injuries are difficult to ascertain, particularly in the absence of a grievous injury).

"Bare allegations requiring speculation regarding actual damages without a specific monetary amount claim is 'insufficient to establish the amount in controversy requirement.'" *Hollowell v. Dematic Corp.*, 2022 WL 178593, at *3 (W.D. Ky. Jan. 19, 2022) (internal citations omitted). And the Court resolves all doubts against removal. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Put simply, the Amended Complaint does not indicate that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs, and F&W has not pointed to any additional evidence indicating that this requirement is satisfied.

The Court also notes that F&W's allegations with respect to citizenship remain deficient for purposes of establishing diversity. F&W was required to show cause why the matter should not be remanded based on its failure to properly allege the defendants' citizenship. [Record No. 5] It responded by alleging that the defendants, who are LLCs, have members who are North Carolina *residents*. [Record No. 7] But it is well established that residency is not tantamount to citizenship, as a party can reside in one state and be domiciled in another. *Jade Partners, LLC v. Alternative Crops, LLC*, 2020 WL 6803820, at *1 n.1 (E.D. Ky. Nov. 19, 2020).

Finally, although the foregoing reasons serve as independent bases for remand, it also appears that F&W failed to comply with 28 U.S.C. § 1446 and the procedural "rule of unanimity" when it unilaterally removed the case from state court without obtaining the consent of GCHNC3. *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).

- 5 -

### III.

Based on the foregoing analysis, it is hereby

**ORDERED** that the plaintiff's motion to remand [Record No. 23] is **GRANTED**. This matter is **REMANDED** to the Fayette Circuit Court and **STRICKEN** from this Court's docket.

Dated: February 7, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky